## BREDENBECK, Plaintiff-Appellant, v. HOLLYWOOD CARTAGE COMPANY, INC., Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3465.   Decided January 9, 1952.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.
William E. Pfau, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appealed to this court on questions of law from a judgment of the court of common pleas sustaining defendant's motion for judgment to be entered in his favor notwithstanding the verdict of the jury in the amount of $30,000.00 returned for plaintiff, in his action filed in that court to recover damages from the defendant for personal injuries sustained allegedly as the result of defendant's carelessness and negligence.

In his petition plaintiff alleged that about 12:30 o'clock on the morning of October 26, 1948, he was operating a 1941 sedan automobile in a westerly direction on Route 18, and had reached a point thereon approximately four miles west of Austintown, Mahoning County, Ohio, where his visibility ahead was limited to thirty or forty feet, when a small animal attempted to cross his path; that to avoid striking that animal plaintiff operated his automobile sharply to the northerly, or right hand, side of that highway and came into collision with defendant's unlighted, unguarded, tractor parked on the northerly side of that highway, without warning by defendant, in any manner, that his tractor was so parked on that highway; and that as the result of such collision plaintiff was injured.

By brief plaintiff contended:—

"* * * that if the defendant had operated the said trailer at the time of the accident with lights and reflectors and/or had placed fuses and markers on said Route 18, directly behind said trailer, after it was parked, this plaintiff would have been warned of the location of the defendant's vehicle and plaintiff would have been aware of the presence of that impediment on the roadway and so could have operated his vehicle so that he could have struck the animal that came in front of him or turned to the left and thus avoided defendant's tractor and that had plaintiff known of the precise position and location of the defendant's trailer in the right-hand lane it would not have been necessary for him to have veered as sharply to the right or to have traveled as far to the right as he did in order to avert striking the animal that darted in front of him, but that since the trailer was unlighted the plaintiff was wholly unaware of its position and had the right to assume that the righthand lane of traffic was free and un-

obstructed. He was justified in allowing himself a greater margin of safety in turning aside and avoiding the animal that had crossed his path."

Further plaintiff contends that he was confronted with a sudden emergency and cannot be held to have violated the assured clear distance provision of §12603 GC, in operating his automobile at the time and in the manner stated. Plaintiff endeavors to support his argument by citing the cases of **Hangen v. Hadfield, 135 Oh St 281, 14 O. O. 144; Erdman v. Mestrovich, 155 Oh St 85; The Shaeffer Weaver Co. v. Mallonn, 45 Oh Ap 1; Farris v. City of Columbus, 85 Oh Ap 385, 85 N. E. (2d) 605; and Brown v. Wackman, 55 Abs 159.**

The following interrogatories were submitted to the jury, which they answered as indicated:—

"1. How far could the plaintiff see a substantial object in front of his car just before the accident happened?

Answer: "30 to 40 feet.

"2. Within how many feet could the plaintiff stop his car just before the accident happened?

Answer: "40 feet.

"3. How fast was the plaintiff's car traveling before he applied his brakes just before the accident happened?

Answer: "25 to 30 ft.

"4. Was there any obstruction, other than darkness or fog, between the rear of the defendant's trailer and the plaintiff which prevented the plaintiff from seeing the defendant's trailer just before the accident happened?

Answer: "No."

With reference to such interrogatories plaintiff contends that Interrogatory No. 1 is ambiguous, "cleverly written" as "a catch question fully intended to confuse the jury," and does not test the correctness of the verdict of the jury. Interrogatory No. 2 was submitted to the jury "with the full intent of confusing the jury"; that Interrogatory No 3 "entirely confused" the jury, and that its answer thereto was "unresponsive"; and that Interrogatory No. 4 was answered correctly.

Further plaintiff contends that "not one of the interrogatories submitted by the defendant elicited findings from the jury on a particular question of fact of an ultimate and determinative nature, but that the questions merely called for answers as to evidentiary or probative facts which simply amounted to a cross-examination of the jury"; and that the trial court erred in submitting interrogatories numbered 1, 2 and 3 to the jury. Plaintiff attempts to support this contention by citation of the cases of **McFadden, Appellant v.**

Thomas, Admx., et al, Appellees, 154 Oh St 405, and **Bradley, an infant, v. Mansfield Rapid Transit, Inc., 154 Oh St 154.**

"To be proper, under §11420-17 GC, interrogatories prepared and submitted by counsel must call for findings by the jury on particular questions of fact of an ultimate and determinative nature—such findings as will test the correctness of the general verdict returned and enable the court to determine as a matter of law whether such verdict shall stand." **Bradley v. Mansfield Rapid Transit, Inc., 154 Oh St 154.**

"It is error to submit to a jury an interrogatory based upon an erroneous proposition of law.

"* * * We are of the opinion that because answers to interrogatories given pursuant to §11420-17 GC, do test the correctness of a general verdict returned by a jury and enable the court to determine as a matter of law whether such verdict shall stand, it is exceedingly dangerous to the administration of justice to submit interrogatories except in strict accordance with the statute." **McFadden v. Thomas, 154 Oh St 405, 411.**

In our opinion the quoted interrogatories were submitted to the jury "in strict accordance with the statute" to which reference is made supra, and accordingly we believe the trial judge did not err prejudicially to plaintiff, as urged by him, in submitting such interrogatories to the jury. On the contrary, it was the duty of the trial judge in this case to submit such interrogatories to the jury, after presentation to him. See §11420-17 GC.

"When a special finding of facts is inconsistent with the general verdict" (interrogatory No. 4), as in this case, "the former shall control the latter, and the court may give judgment accordingly." **Sec. 11420-18 GC.**

Where the answer to a special interrogatory is inconsistent with the general verdict, as in the case we review, and cannot be reconciled with the general verdict "it is the duty of the trial court to sustain defendant's motion to set aside the verdict of the jury." **McDermott v. Irwin, 148 Oh St 67, syllabus 3.**

Also see **Elio v. The Akron Transportation Co., 147 Oh St 363;** and **Klever v. Reid Brothers Express, Inc., 151 Oh St 467.**

"To comply with the assured-clear-distance-ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some

obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." **Smiley v. The Arrow Spring Bed Co., 138 Oh St 81.**

The quoted syllabus of the case of Smiley v. Arrow Spring Bed Co., supra, announces the legal excuse for failure to comply with the provisions of the applicable statute which the supreme court uniformly has followed without exception or modification from the time of announcement up to and including the recent case of **Erdman v. Mestrovich, 155 Oh St 85.**

In our opinion a study of the evidence submitted to us for review discloses no legal excuse for plaintiff's failure of non-compliance with the assured clear distance ahead rule announced in the second syllabus of Smiley v. The Arrow Spring Bed Co., supra.

We agree with the contention of counsel for defendant that "the answer to interrogatory number 4 is a specific finding of fact which * * * is determinative of the question of whether or not there was any evidence of a legal excuse as set forth in the Smiley case for the noncompliance with the assured-clear-distance-ahead rule"; and that "the foregoing interrogatory is determinative of" the question presented "and was a proper interrogatory."

Admittedly plaintiff operated his automobile on Ohio State Route 18, in the night season, when his visibility in the direction he was proceeding by reason of darkness and fog was but thirty to forty feet, at the stated speed, under the conditions shown by the evidence to exist, in violation of the statutory requirement governing lights, into collision with defendant's "parked, unlighted, unguarded" tractor. His actions prevented him from knowing "of the presence, position and location of the defendant's trailer" in the place it was parked, and in our opinion created the argued and claimed sudden emergency in which he found himself, precluded recovery by plaintiff in this case, and would have justified the trial judge directing a verdict for defendant at the close of plaintiff's case or at the close of all the evidence.

Finding no error prejudicial to the plaintiff in any of the respects urged by him the judgment of the court of common pleas is affirmed.

NICHOLS, PJ, concurs in judgment.
GRIFFITH, J, concurs.